Payam Shahian (SBN 228406)
pshahian@slpattorney.com
Alison E. Wilson (SBN 255606)
awilson@slpattorney.com
Karen E. Nakon (SBN 278423)
knakon@slpattorney.com
**STRATEGIC LEGAL PRACTICES, APC**
1875 Century Park East, Suite 700
Los Angeles, California 90067
Telephone: (310) 277-1040
Facsimile: (310) 943-3838

Attorneys for Plaintiff Janet Bostani

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JANET BOSTANI, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>ADT, LLC d/b/a ADT SECURITY SERVICES, INC. and DEFENDER SECURITY COMPANY d/b/a DEFENDER DIRECT, INC. and PROTECT YOUR HOME;<br><br>Defendants. | Case Number: '14CV0322 DMS BLM<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §§ 227 *ET SEQ.*, CONSUMER LEGAL REMEDIES ACT, Cal. Civ. Code § 1770(a)(22) AND UNFAIR COMPETITION LAW, CAL. BUS. & PROF. CODE §§ 17200, *ET SEQ.***<br><br>**DEMAND FOR JURY TRIAL** |

## INTRODUCTION

1. Janet Bostani ("Plaintiff") brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of ADT, LLC d/b/a ADT Security Services, Inc. ("ADT") and Defender Security Company d/b/a Defender Direct, Inc. and Protect Your Home ("Defender") (collectively, "Defendants"), and/or their agents, in negligently and/or willfully contacting Plaintiff on her cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 et seq., ("TCPA"), California's Consumers Legal Remedies Act, Cal. Civil Code §1770(a)(22), and California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.*, thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## JURISDICTION AND VENUE

2. The Court possesses federal question subject matter jurisdiction over the TCPA claims. *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012).

3. This Court also possesses subject matter jurisdiction of this action pursuant to 28 U.S.C. §§ 1332(d)(2) and (6) of the Class Action Fairness Act of 2005 because, upon information and belief, (i) the Class consists of 100 or more members, (ii) the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs, and (iii) there is minimal diversity because at least one plaintiff and one defendant are citizens of different states.

4. Venue is proper in this district under 28 U.S.C. § 1391 because Defendants continuously conduct business in this district.

\\\

\\\

## PARTIES

5. Plaintiff Janet Bostani is, and at all times mentioned herein was, a citizen and resident of the State of California. She is, and at all times mentioned herein was a "person" as defined by 47 U.S.C. § 153 (39).

6. Plaintiff is informed and believes, and thereon alleges, that ADT LLC d/b/a ADT Security Services, Inc. is, and at all times mentioned herein was, a Delaware corporation with its principal place of business located at 1501 Yamato Road, Boca Raton, Florida, and a "person" as defined by 47 U.S.C. § 153 (39).

7. Plaintiff is informed and believes, and thereon alleges, that Defender is, and at all times mentioned herein was, an Indiana corporation with its principal place of business located at 3750 Priority Way South Drive, Indianapolis, Indiana, and a "person," as defined by 47 U.S.C. § 153 (39).

8. Plaintiff alleges that, at all times relevant herein, Defendants conducted business in the state of California and within this judicial district.

## THE TELEPHONE CONSUMER PROTECTION ACT

9. The Telephone Consumer Protection Act of 1991 ("TCPA") makes unlawful any call to a cellular telephone number (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system. 47 U.S.C. §§ 227(b)(1)(A) & 227(b)(1)(A)(iii).[1]

10. Separately, the TCPA also makes unlawful any call to a cellular telephone number (other than a call made for emergency purposes or made with the prior express consent of the called party) using an artificial or prerecorded voice. 47 U.S.C. § 227(b)(1)(A).

---

[1] The term "automatic telephone dialing system" ("ADTS") refers to equipment that has the capacity (a) to store or produce telephone numbers to be called, using a random or sequential number generator; and (b) to dial such numbers. 47 U.S.C. § 227(a)(1).

11. Under the TCPA, as interpreted by the Federal Communications Commission ("FCC"), a company on whose behalf a telephone solicitation is made bears ultimate responsibility for any violations of the TCPA. *See* Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Memorandum and Order, 10 FCC Rcd. 12391, 12397, ¶ 13 (1995).

12. Calls placed by a third party on behalf of that company are treated as if the company itself placed the call. *See* Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991; Request of State Farm Mutual Automobile Insurance Company for Clarification and Declaratory Ruling, Declaratory Ruling, 20 FCC Rcd. 13664, 13667, ¶ 7 (2005).

13. The phone calls at issue in this case were made for the benefit of Defendants. Because these calls were made by or "on behalf" of Defendants, Defendants bear the responsibility for any violations of the TCPA, even if Defendants did not directly place the calls. Defendants are also responsible for the illegal actions of their agents and are also responsible for any illegal actions conducted in the course of any joint venture with any third party.

14. Defendant ADT and its agents, including its authorized dealers, were agents or joint venturers of each other at all times mentioned herein and were acting within the course and scope of such agency and/or joint venture. Defendant ADT had actual and/or constructive knowledge of the acts of its authorized dealer agents and ratified, approved, joined in and/or authorized the acts of any authorized dealer in connection with the cellular telephone calls alleged herein.

15. Moreover, whenever this Complaint refers to any act or acts of Defendants, the reference shall also be deemed to mean the directors, officers, employees, affiliates, or agents of the Defendants who authorized such act or acts while actively engaged in the management, direction or control of the affairs of Defendants, and each of them, and by persons who are parents or alter egos of

Defendants while acting within the scope of their agency, affiliation or employment, jointly or severally.

16. Defendants called Plaintiff's cellular telephone number using an ADTS and using an artificial or prerecorded voice without Plaintiff's prior express consent. Defendants therefore violated the TCPA on at least two independent bases.

**CALIFORNIA'S CONSUMERS LEGAL REMEDIES ACT**

17. The Consumers Legal Remedies Act ("CLRA") makes unlawful the dissemination of an unsolicited prerecorded message by telephone without an unrecorded, natural voice first informing the person answering the telephone of the name of the caller or the organization being represented, and either the address or the telephone number of the caller, and without obtaining the consent of that person to listen to the prerecorded message. Cal. Civ. Code § 1770(a)(22)(A).

18. Defendants disseminated unsolicited prerecorded messages to Plaintiff by telephone without an unrecorded, natural voice first informing her of the name of the caller or the organization being represented, or the address or telephone number of the caller, and without obtaining her consent to listen to the prerecorded messages. Defendants therefore violated the CLRA on multiple bases.

**FACTUAL ALLEGATIONS**

19. Beginning in or about the second half of 2013, Defendants called Plaintiff's cellular telephone number.

20. Plaintiff's telephone number is, and was at all relevant times, assigned to a cellular telephone service, as set forth in 47 U.S.C. 227(b)(1).

21. Plaintiff is the authorized and sole user of the cellular telephone number that Defendants called.

22. Defendants intended to call—and in fact called—Plaintiff's cellular telephone number, and Plaintiff received the calls.

23. On information and belief, Defendants made each of these calls using an ADTS, in violation of 47 U.S.C. § 227(b)(1)(A).

24. Additionally, Defendants made each of these calls using an artificial or prerecorded voice, in violation of 47 U.S.C. § 227(b)(1)(A).

25. Defendants did not use an unrecorded, natural voice to first inform Plaintiff of the name of the caller or the organization being represented, or the address or the telephone number of the caller, in violation of Cal. Civ. Code § 1770(a)(22)(A). The calls were made entirely using an artificial or prerecorded voice.

26. Plaintiff answered some of these calls. Others were transferred to her cellular telephone number's voicemail messaging system.

27. Each of these call had to do with ADT and the content of each and every one of Defendants' calls is substantially the same: "This is an important message from Protect Your Home, your authorized ADT dealer. Please return our phone call at 1-800-381-1156. Our office hours are 8 a.m. to 11 p.m., Eastern Standard Time, Monday through Friday, and Saturday, 8 a.m. to 4:30 p.m., Eastern Time. Thank you."

28. Defendants' calls were not made for any emergency purpose, as defined by 47 U.S.C. § 227(b)(1)(A)(i).

29. Nor were the calls made for the purpose of collecting an existing obligation, as defined by California Civil Code section 1770(a)(22)(B).

30. Prior to receiving these calls from Defendants, Plaintiff had never had any contact with Defendants or had any relationship with them (established or otherwise).

31. Plaintiff has never purchased any services or goods from Defendants, and has never been a business associate or customer of Defendants.

32. Plaintiff has never requested that Defendants call her.

33. Plaintiff did not provide prior express consent or any other type of consent to Defendants to receive calls at her cellular telephone number, pursuant to 47 U.S.C. 227(b)(1)(A) and California Civil Code section 1770(a)(22)(A).

34. In fact, Plaintiff on one occasion called Defendants and requested that Defendants stop calling her. However, despite this request, the calls continued unabated and at the same, if not, higher frequency than before.

35. Consequently, Plaintiff contacted her cellular telephone service provider to ask that the calls be blocked. Plaintiff's cellular telephone service initially told Plaintiff that it would charge her for blocking the calls, but after Plaintiff complained about the invasiveness of the calls, Plaintiff's cellular service agreed to block them at no charge to Plaintiff for a limited period of 90 days, after which Plaintiff's cellular service would begin charging a recurring fee to block the calls.

36. Yet, even before the 90-day period had elapsed, Defendants, in an apparent effort to nullify Plaintiff's efforts to block the calls, altered their tactic and began placing calls to Plaintiff using a different originating number than the one Plaintiff had requested be blocked.

37. During this 90-day period, Defendants made unwanted calls to Plaintiff from the new originating number, including a call on or about February 4, 2013. The calls consisted of the same prerecorded message as before.

38. Defendants' calls to Plaintiff violate 47 U.S.C. § 227(b)(1) and Cal. Civ. Code § 1770(a)(22).

## CLASS ACTION ALLEGATIONS

39. Plaintiff brings this action on behalf of herself and on behalf of all others similarly situated ("the Class").

40. The Class and Sub-Class are defined as follows:

<u>Class</u>: All persons within the United States who received any telephone call from Defendants and/or their agents to said person's cellular telephone made through the use of any automatic dialing system or with an artificial or prerecorded voice, from January 31, 2013 until class certification.

<u>California Sub-Class</u>: All Members of the Class who reside in the state of California (the "California Sub-Class").

41. Defendants and their employees or agents are excluded from the Class.

42. The Class Members are identifiable by Defendants' and/or their agents' phone records and phone number databases.

43. Plaintiff does not know the exact number of members in the Class, but believes the Class Members number in the thousands, if not more. Therefore, this matter should be certified as a class action to assist in the expeditious litigation of this matter.

44. Plaintiff and the other Class Members were harmed by the acts of Defendants. Defendants, either directly or through their agents, illegally contacted Plaintiff and the other Class Members at their cellular telephone numbers, causing Plaintiff and the other Class Members to incur certain cellular telephone charges or use up cellular telephone time for which Plaintiff and the other Class Members previously paid; requiring Plaintiff and the other Class Members to retrieve or administer messages left by Defendants during those illegal calls; and invading the privacy of Plaintiff and the other Class Members. Plaintiff and the other Class Members were damaged thereby.

45. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the

right to expand or otherwise revise the Class definition to seek recovery on behalf of additional persons as warranted, as facts are learned in further investigation and discovery.

46. The joinder of the Class Members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Defendants' records or Defendants' agents' records.

47. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class Members, including the following:

a. Whether, during the relevant time periods, Defendants made any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any ATDS or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service;

b. Whether, during the relevant time periods, Defendants disseminated unsolicited prerecorded messages by telephone without an unrecorded, natural voice first informing the person answering the telephone of the name of the caller or the organization being represented, and either the address or the telephone number of the caller, and without obtaining the consent of that person to listen to the prerecorded message;

c. Whether Plaintiff and the Class Members were damaged thereby, and the extent of damages for such violations; and

d. Whether Defendants and their agents should be enjoined from engaging in such conduct in the future.

48. Because Defendants called Plaintiff's cellular telephone number multiple times using an ATDS or an artificial or prerecorded voice without her express prior consent, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class and Sub-Class in that Plaintiff has no interests antagonistic to any member of the Class or Sub-Class.

49. Plaintiff and the other Class Members have all suffered irreparable harm as a result of the Defendants' unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendants will likely continue such illegal conduct. Because of the size of the individual Class Member's claims, few, if any, Class Members could afford to individually seek legal redress for the wrongs complained of herein.

50. Plaintiff has retained counsel experienced in handling class action claims.

51. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendants to comply with federal law. The interest of Class Members in individually controlling the prosecution of separate claims against Defendants is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

52. Defendants have acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

## FIRST CAUSE OF ACTION
## NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. §§ 227 *ET SEQ.*

53. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

54. Plaintiff brings this cause of action against Defendants on behalf of herself and on behalf of the Class.

55. Defendants, either directly or through their agents, using an ADTS or an artificial or prerecorded voice, made calls to Plaintiff and the other Class Members at telephone numbers assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged or pays a monthly payment for the call. Defendants did not make the calls for emergency purposes and did not make the calls with the prior express consent of the called party.

56. The foregoing acts and omissions of Defendants and their agents constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. §§ 227 *et seq.*

57. As a result of Defendants' and Defendants' agents' negligent violations of 47 U.S.C. §§ 227 *et seq.*, Plaintiff and the Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

Plaintiff and the Class are also entitled to, and seek, injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. §§ 227 *ET SEQ.*

58. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

59. Plaintiff brings this cause of action against Defendants on behalf of herself and on behalf of the Class.

60. Defendants, either directly or through their agents, using an ADTS or an artificial or prerecorded voice, made calls to Plaintiff and the other Class Members at telephone numbers assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call. Defendants did not make the calls for emergency purposes and did not make the calls with the prior express consent of the called party.

61. The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. §§ 227 *et seq.*

62. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. §§ 227 *et seq.*, Plaintiff and the Class are entitled to treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

63. Plaintiff and the Class are also entitled to, and seek, injunctive relief prohibiting such conduct in the future.

**THIRD CAUSE OF ACTION**
**VIOLATIONS OF CALIFORNIA'S CONSUMERS LEGAL REMEDIES ACT**
**CAL. CIV. CODE § 1770(a)(22).**

64. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated therein.

65. Plaintiff brings this cause of action against Defendants on behalf of herself and on behalf of the Class or, in the alternative, the California Sub-Class.

66. Defendants are "persons" as defined by California Civil Code section 1761(c).

67. Plaintiff and the other Class Members are "consumers" within the meaning of California Civil Code § 1761(d).

68. The CLRA makes unlawful certain enumerated "unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the lease of goods or services to any consumer[.]" Cal. Civ. Code § 1770(a).

69. Among those practices the CLRA expressly proscribes is "[d]isseminating an unsolicited prerecorded message by telephone without an unrecorded, natural voice first informing the person answering the telephone of the name of the caller or the organization being represented, and either the address or the telephone number of the caller, and without obtaining the consent of that person to listen to the prerecorded message." Cal. Civ. Code § 1770(a)(22)(A).

70. Exempted from that proscription is "a message disseminated to a business associate, customer, or other person having an established relationship with the person or organization making the call, to a call for the purpose of collecting an existing obligation, or to any call generated at the request of the recipient." Cal. Civ. Code § 1170(a)(22)(B).

71. Defendants disseminated unsolicited prerecorded messages to Plaintiff and the other Class Members by telephone without an unrecorded, natural voice

first informing them of the name of the caller or the organization being represented, or the address or the telephone number of the caller, and without obtaining their consent to listen to the prerecorded message. Defendants made the calls using exclusively an artificial or prerecorded voice.

72. Plaintiffs and the other Class Members were never business associates or customers of Defendants, and never had an established business relationship with Defendants.

73. Defendants never obtained Plaintiff and the other Class Members' consent to listen to the prerecorded messages.

74. As a result of Defendants' misconduct, Plaintiff and the other Class Members have been harmed and have suffered actual damages.

75. As a direct and proximate result of Defendants' unfair or deceptive acts or practices, Plaintiff and the other Class Members have suffered and will continue to suffer actual damages.

76. Plaintiff and the Class are entitled to equitable relief.

77. Plaintiff has provided Defendants within notice of their alleged violations of the CLRA pursuant to California Civil Code section 1782(a). If, within 30 days of the date of the notification letter, Defendants fail to provide appropriate relief for their violations of the CLRA, Plaintiff will amend this Complaint to seek monetary, statutory, and punitive damages, in addition to the injunctive and equitable relief that she seeks now.

**FOURTH CAUSE OF ACTION**
**VIOLATIONS OF CALIFORNIA'S UNFAIR COMPETITION LAW**
**CAL. BUS. & PROF. CODE §§ 17200, *ET SEQ.***

78. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

79. Plaintiff brings this cause of action against Defendants on behalf of herself and on behalf of the Class or, in the alternative, the California Sub-Class.

80. Defendants' practice of making telephone calls to Plaintiff and the other Class Members on their cellular telephones using an artificial or prerecorded voice and/or an ATDS without their prior express consent (within the meaning of the TCPA) violates 47 U.S.C. §§ 227 *et seq*.

81. Defendants' dissemination of unsolicited prerecorded messages to Plaintiff and the other Class Members by telephone without an unrecorded, natural voice first informing them of the name of the caller or the organization being represented, or the address or the telephone number of the caller, and without obtaining their consent to listen to the prerecorded message, violates Cal. Civ. Code § 1770(a)(22).

82. Defendants' conduct described herein violates Cal. Bus & Prof. Code §§ 17200 *et seq*. (the "UCL") in the following respects:

    a. Defendants' use of automated and predictive dialing techniques to harass Plaintiff and the other Class Members is unlawful and a violation of the UCL;

    b. Defendants' use of an automated or prerecorded voice to harass Plaintiff and the other Class Members is unlawful and a violation of the UCL;

    c. Defendants' failure to use an unrecorded, natural voice to inform Plaintiff and the other Class Members of the name of the caller or the organization being represented, or the address or the telephone number of the caller, and failure to obtain their consent to listen to the prerecorded messages, is unlawful and a violation of the UCL;

   d. Each of Defendants' violations of the TCPA constitutes a separate and independent violation of the UCL because such conduct is illegal and unfair competition within the meaning of the UCL; and

e. Each of Defendants' violations of the CLRA constitutes a separate and independent violation of the UCL because such conduct is illegal and unfair competition within the meaning of the UCL.

83. The harm to Plaintiff and the Class arising from Defendants' illegal practices outweighs the utility, if any, of those practices.

84. The illegal business practices of Defendants are immoral, unethical, oppressive, unscrupulous, and/or substantially injurious to Plaintiff and the other Class Members.

85. Unless restrained by this Court, Defendants will continue to engage in the illegal acts and practices alleged above.

86. Pursuant to California Business & Professions Code section 17203, Plaintiffs and the Class are therefore entitled to:

a. an Order requiring Defendants to cease the unlawful acts alleged herein; and

b. payment of their attorneys' fees and costs pursuant to, *inter alia*, Cal. Code Civ. Proc. § 1021.5.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and the Class Members the following relief against Defendants:

1. As a result of Defendants' and Defendants' agents' violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each Class Member $500.00 in

statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

2. As a result of Defendants' and Defendants' agents' willful and /or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each Class Member treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

3. Pursuant to 47 U.S.C. § 227(b)(3)(A) and the UCL, Plaintiff seeks for herself and class members injunctive relief prohibiting such conduct in the future.

4. Plaintiff seeks for herself and each Class Member an award of compensatory, exemplary, and statutory damages, as applicable, including interest, in an amount to be proven at trial, except that for now, Plaintiff seeks only equitable and injunctive relief with respect to her claims under California's Consumers Legal Remedies Act, California Civil Code section 1770(a)(22).

5. Plaintiff seeks for herself and each Class Member an award of reasonable attorneys' fees and costs to Plaintiff's counsel, including attorney fees pursuant to California Code of Civil Procedure 1021.

6. Plaintiff seeks for herself and each Class Member any other relief the Court may deem just and proper or any other remedy available for Defendants' violations alleged herein.

Dated: February 11, 2014

Respectfully submitted,

STRATEGIC LEGAL PRACTICES, APC

By: /s/ Alison E. Wilson

Alison E. Wilson
Attorneys for Plaintiff Janet Bostani
E-mail: awilson@slpattorney.com

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all claims so triable.

Dated: February 11, 2014

Respectfully submitted,

STRATEGIC LEGAL PRACTICES, APC

By: /s/Alison E. Wilson
Alison E. Wilson
Attorneys for Plaintiff Janet Bostani
E-mail: awilson@slpattorney.com