1  **BARNES & THORNBURG LLP**
   KEVIN D. RISING (SBN 211663)
2  DEVIN STONE (SBN 260326)
   2029 Century Park East, Suite 300
3  Los Angeles, CA 90067
   Telephone: (310) 284-3880
4  Facsimile: (310) 284-3894

5

   Attorneys for Defendant
6  ADT, LLC d/b/a ADT SECURITY SERVICES,
   INC.
7

8

9                 UNITED STATES DISTRICT COURT

10               SOUTHERN DISTRICT OF CALIFORNIA

11

12 | JANET BOSTANI, on behalf of       | Case No. 14CV0322 DMS BLM
   | herself and all others similarly situated, |
13 |                                   | *Assigned to: Hon. Dana M. Sabraw*
   |              Plaintiff,            |
14 |                                   |
   |         v.                        | **DEFENDANT ADT, LLC'S**
15 |                                   | **ANSWER TO COMPLAINT OF**
   | ADT, LLC d/b/a ADT SECURITY       | **JANET BOSTANI**
16 | SERVICES, INC. and DEFENDER       |
   | SECURITY COMPANY d/b/a            | Complaint Filed:   February 02/11/14
17 | DEFENDER DIRECT, INC. and         |
   | PROTECT YOUR HOME;                |
18 |                                   |
   |             Defendant.            |
19

20

21

22

23

24

25

26

27

28

LADS01 130739v2
─────────────────────────────────────
              ANSWER TO COMPLAINT

NOW COMES Defendant ADT, LLC ("ADT" or "Defendant") by and through its undersigned counsel, and answers the Complaint of JANET BOSTANI ("Plaintiff" or "Bostani") as follows:

## INTRODUCTION

1.  <u>Plaintiff alleges:</u> Janet Bostani ("Plaintiff") brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of ADT, LLC d/b/a ADT Security Services, Inc. ("ADT") and Defender Security Company d/b/a Defender Direct, Inc. and Protect Your Home ("Defender") (collectively, "Defendants"), and/or their agents, in negligently and/or willfully contacting Plaintiff on her cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 et seq., ("TCPA"), California's Consumers Legal Remedies Act, Cal. Civil Code§1770(a)(22), and California's Unfair Competition Law, Cal. Bus. & Prof. Code §§17200 *et seq.*, thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

<u>Defendant responds:</u> This paragraph merely contains Plaintiff's legal argument and conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations of this paragraph.

## JURISDICTION AND VENUE

2.  <u>Plaintiff alleges:</u> The Court possesses federal question subject matter jurisdiction over the TCPA claims. *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012).

<u>Defendant responds:</u> Defendant admits the allegations of Paragraph 2 of the Complaint for jurisdictional purposes only. For any other purpose, Defendant lacks sufficient knowledge to form a belief as to the truth or falsity of the allegations, and therefore, denies the same, and demands strict proof thereof.

LADS01 130739v2

ANSWER TO COMPLAINT   Case No. 14CV0322 DMS BLM

3. <u>Plaintiff alleges:</u> This Court also possesses subject matter jurisdiction of this action pursuant to 28 U.S.C. §§ 1332(d)(2) and (6) of the Class Action Fairness Act of 2005 because, upon information and belief, (i) the Class consists of 100 or more members, (ii) the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs, and (iii) there is minimal diversity because at least one plaintiff and one defendant are citizens of different states.

<u>Defendant responds:</u> Defendant admits the allegations of Paragraph 3 of the Complaint for diversity jurisdictional purposes only. Defendant denies that this is a class action and the alleged amount in controversy. Defendant lacks sufficient knowledge to form a belief as to the truth or falsity of any remaining allegations, and therefore, denies the same, and demands strict proof thereof.

4. <u>Plaintiff alleges:</u> Venue is proper in this district under 28 U.S.C. § 1391 because Defendants continuously conduct business in this district.

<u>Defendant responds:</u> Defendant admits the allegations of Paragraph 4 of the Complaint for jurisdictional purposes only. For any other purpose, Defendant lacks sufficient knowledge to form a belief as to the truth or falsity of the allegations, and therefore, denies the same, and demands strict proof thereof.

## PARTIES

5. <u>Plaintiff alleges:</u> Plaintiff Janet Bostani is, and at all times mentioned herein was, a citizen and resident of the State of California. She is, and at all times mentioned herein was a "person" as defined by 47 U.S.C. § 153 (39).

<u>Defendant responds:</u> Defendant lacks sufficient knowledge or information regarding Plaintiff's place of residence to form a belief as to the truth of the allegations of this paragraph and, accordingly, denies such allegations. The remaining allegations in this paragraph contain mere legal argument and conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations of this paragraph.

LADS01 130739v2

ANSWER TO COMPLAINT   Case No. 14CV0322 DMS BLM

1       6.    <u>Plaintiff alleges:</u> Plaintiff is informed and believes, and thereon alleges,

2  that ADT LLC d/b/a ADT Security Services, Inc. is, and at all times mentioned herein

3  was, a Delaware corporation with its principal place of business located at 1501 Yamato

4  Road, Boca Raton, Florida, and a "person" as defined by 47 U.S.C. § 153 (39).

5      <u>Defendant responds:</u> Defendant admits ADT is a Delaware corporation with its

6  principal place of business located at 1501 Yamato Road, Boca Raton, Florida. The

7  remaining allegations in this paragraph contain mere legal argument and conclusions to

8  which no response is required. To the extent that a response is required, Defendant

9  denies the allegations of this paragraph.

10       7.    <u>Plaintiff alleges:</u> Plaintiff is informed and believes, and thereon alleges,

11  that Defender is, and at all times mentioned herein was, an Indiana corporation with its

12  principal place of business located at 3750 Priority Way South Drive, Indianapolis,

13  Indiana, and a "person," as defined by 47 U.S.C. § 153 (39).

14      <u>Defendant responds:</u> Defendant admits Defender is an Indiana corporation with

15  its principal place of business located at 3750 Priority Way South Drive, Indianapolis,

16  Indiana. The remaining allegations in this paragraph contain mere legal argument and

17  conclusions to which no response is required. To the extent that a response is required,

18  Defendant denies the allegations of this paragraph.

19       8.    <u>Plaintiff alleges:</u> Plaintiff alleges that, at all times relevant herein,

20  Defendants conducted business in the state of California and within this judicial district.

21      <u>Defendant responds:</u> Defendant admits the allegations of Paragraph 8 of the

22  Complaint for jurisdictional purposes only. For any other purpose, Defendant lacks

23  sufficient knowledge to form a belief as to the truth or falsity of the allegations, and

24  therefore, denies the same, and demands strict proof thereof.

25                  **THE TELEPHONE CONSUMER PROTECTION ACT**

26       9.    <u>Plaintiff alleges:</u> The Telephone Consumer Protection Act of 1991

27  ("TCPA") makes unlawful any call to a cellular telephone number (other than a call

28  <small>LADS01 130739v2</small>

ANSWER TO COMPLAINT   Case No. 14CV0322 DMS BLM

made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system. 47 U.S.C. §§ 227(b)(1)(A) &227(b)(1)(A)(iii).[1]

Defendant responds: This paragraph merely contains Plaintiff's legal argument and conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations of this paragraph.

10.   Plaintiff alleges:  Separately, the TCPA also makes unlawful any call to a cellular telephone number (other than a call made for emergency purposes or made with the prior express consent of the called party) using an artificial or prerecorded voice.  47 U.S.C. § 227(b)(1)(A).

Defendant responds: This paragraph merely contains Plaintiff's legal argument and conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations of this paragraph.

11.   Plaintiff alleges:  Under the TCPA, as interpreted by the Federal Communications Commission ("FCC"), a company on whose behalf a telephone solicitation is made bears ultimate responsibility for any violations of the TCPA. See Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Memorandum and Order, 10 FCC Rcd. 12391, 12397, ¶ 13 (1995).

Defendant responds: This paragraph merely contains Plaintiff's legal argument and conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations of this paragraph.

12.   Plaintiff alleges:  Calls placed by a third party on behalf of that company are treated as if the company itself placed the call. See Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991; Request of State Farm

---

[1] The term "automatic telephone dialing system" ("ADTS") refers to equipment that has the capacity (a) to store or produce telephone numbers to be called, using a random or sequential number generator; and (b) to dial such numbers. 47 U.S.C. § 227(a)(1).

LADS01 130739v2

Mutual Automobile Insurance Company for Clarification and Declaratory Ruling, Declaratory Ruling, 20 FCC Rcd. 13664, 13667, ¶ 7 (2005).

Defendant responds: This paragraph merely contains Plaintiff's legal argument and conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations of this paragraph.

13. Plaintiff alleges: The phone calls at issue in this case were made for the benefit of Defendants. Because these calls were made by or "on behalf" of Defendants, Defendants bear the responsibility for any violations of the TCPA, even if Defendants did not directly place the calls. Defendants are also responsible for the illegal actions of their agents and are also responsible for any illegal actions conducted in the course of any joint venture with any third party.

Defendant responds: This paragraph merely contains Plaintiff's legal argument and conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations of this paragraph.

14. Plaintiff alleges: Defendant ADT and its agents, including its authorized dealers, were agents or joint venturers of each other at all times mentioned herein and were acting within the course and scope of such agency and/or joint venture. Defendant ADT had actual and/or constructive knowledge of the acts of its authorized dealer agents and ratified, approved, joined in and/or authorized the acts of any authorized dealer in connection with the cellular telephone calls alleged herein.

Defendant responds: Defendant admits Defender is an authorized dealer of ADT. This paragraph merely contains Plaintiff's legal argument and conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations of this paragraph.

15. Plaintiff alleges: Moreover, whenever this Complaint refers to any act or acts of Defendants, the reference shall also be deemed to mean the directors, officers, employees, affiliates, or agents of the Defendants who authorized such act or acts while

1  actively engaged in the management, direction or control of the affairs of Defendants,

2  and each of them, and by persons who are parents or alter egos of Defendants while

3  acting within the scope of their agency, affiliation or employment, jointly or severally.

4      Defendant responds:  This paragraph merely contains Plaintiff's legal argument

5  and conclusions to which no response is required.  To the extent that a response is

6  required, Defendant denies the allegations of this paragraph.

7      16.   Plaintiff alleges:  Defendants called Plaintiff's cellular telephone number

8  using an ADTS and using an artificial or prerecorded voice without Plaintiff's prior

9  express consent. Defendants therefore violated the TCPA on at least two independent

10  bases.

11      Defendant responds:  Defendant admits Defender called a telephone number

12  associated with Plaintiff and listed on a customer account using an ATDS on at least one

13  occasion.  The remaining allegations in this paragraph contain mere legal argument and

14  conclusions to which no response is required.  To the extent that a response is required,

15  Defendant denies the allegations of this paragraph.

16        **CALIFORNIA'S CONSUMERS LEGAL REMEDIES ACT**

17      17.   Plaintiff alleges:  The Consumers Legal Remedies Act ("CLRA") makes

18  unlawful the dissemination of an unsolicited prerecorded message by telephone without

19  an unrecorded, natural voice first informing the person answering the telephone of the

20  name of the caller or the organization being represented, and either the address or the

21  telephone number of the caller, and without obtaining the consent of that person to listen

22  to the prerecorded message. Cal. Civ. Code § 1770(a)(22)(A).

23      Defendant responds:  This paragraph merely contains Plaintiff's legal argument

24  and conclusions to which no response is required.  To the extent that a response is

25  required, Defendant denies the allegations of this paragraph.

26      18.   Plaintiff alleges:  Defendants disseminated unsolicited prerecorded

27  messages to Plaintiff by telephone without an unrecorded, natural voice first informing

28  LADS01 130739v2

her of the name of the caller or the organization being represented, or the address or telephone number of the caller, and without obtaining her consent to listen to the prerecorded messages. Defendants therefore violated the CLRA on multiple bases.

Defendant responds: Defendant admits Defender called a telephone number associated with Plaintiff and listed on a customer account using an ATDS on at least one occasion. The remaining allegations in this paragraph contain mere legal argument and conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations of this paragraph.

## FACTUAL ALLEGATIONS

19.    Plaintiff alleges: Beginning in or about the second half of 2013, Defendants called Plaintiff's cellular telephone number.

Defendant responds: Defendant admits that in 2013, Defender placed calls to a phone number associated with Plaintiff's name and listed on a customer account. Except as expressly admitted herein, Defendant denies the allegations in this paragraph.

20.    Plaintiff alleges: Plaintiff's telephone number is, and was at all relevant times, assigned to a cellular telephone service, as set forth in 47 U.S.C. 227(b)(1).

Defendant responds: Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and, accordingly, denies such allegations.

21.    Plaintiff alleges: Plaintiff is the authorized and sole user of the cellular telephone number that Defendants called.

Defendant responds: Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and, accordingly, denies such allegations.

22.    Plaintiff alleges: Defendants intended to call—and in fact called— Plaintiff's cellular telephone number, and Plaintiff received the calls.

LADS01 130739v2

7

1  <u>Defendant responds:</u> Defendant admits Defender called a telephone number
2  associated with Plaintiff and listed on a customer account on at least one occasion. The
3  remaining allegations in this paragraph contain mere legal argument and conclusions to
4  which no response is required. To the extent that a response is required, Defendant
5  denies the allegations of this paragraph.

6      23.  <u>Plaintiff alleges:</u>  On information and belief, Defendants made each of
7  these calls using an ADTS, in violation of 47 U.S.C. § 227(b)(1)(A).

8  <u>Defendant responds:</u> Defendant admits Defender called a telephone number
9  associated with Plaintiff and listed on a customer account using an ADTS on at least one
10  occasion. The remaining allegations in this paragraph contain mere legal argument and
11  conclusions to which no response is required. To the extent that a response is required,
12  Defendant denies the allegations of this paragraph.

13      24.  <u>Plaintiff alleges:</u>  Additionally, Defendants made each of these calls using
14  an artificial or prerecorded voice, in violation of 47 U.S.C. § 227(b)(1)(A).

15  <u>Defendant responds:</u> Defendant admits Defender called a telephone number
16  associated with Plaintiff and listed on a customer account using an ADTS on at least one
17  occasion. The remaining allegations in this paragraph contain mere legal argument and
18  conclusions to which no response is required. To the extent that a response is required,
19  Defendant denies the allegations of this paragraph.

20      25.  <u>Plaintiff alleges:</u>  Defendants did not use an unrecorded, natural voice to
21  first inform Plaintiff of the name of the caller or the organization being represented, or
22  the address or the telephone number of the caller, in violation of Cal. Civ. Code §
23  1770(a)(22)(A). The calls were made entirely using an artificial or prerecorded voice.

24  <u>Defendant responds:</u> This paragraph merely contains Plaintiff's legal argument
25  and conclusions to which no response is required. To the extent that a response is
26  required, Defendant denies the allegations of this paragraph.

27      26.  <u>Plaintiff alleges:</u>  Plaintiff answered some of these calls. Others were

28  LADS01 130739v2

transferred to her cellular telephone number's voicemail messaging system.

Defendant responds: Defendant admits that some telephone calls were answered by an individual while others were transferred to voicemail. Except as expressly admitted herein, Defendant denies the allegations in this paragraph.

27.  Plaintiff alleges: Each of these calls had to do with ADT and the content of each and every one of Defendants' calls is substantially the same: "This is an important message from Protect Your Home, your authorized ADT dealer. Please return our phone call at 1-800-381-1156. Our office hours are 8 a.m. to 11 p.m., Eastern Standard Time, Monday through Friday, and Saturday, 8 a.m. to 4:30 p.m., Eastern Time. Thank you."

Defendant responds: Defendant admits that some telephone calls were answered by an individual while others were transferred to voicemail. Except as expressly admitted herein, Defendant denies the allegations in this paragraph.

28.  Plaintiff alleges: Defendants' calls were not made for any emergency purpose, as defined by 47 U.S.C. § 227(b)(1)(A)(i).

Defendant responds: This paragraph merely contains Plaintiff's legal argument and conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations of this paragraph.

29.  Plaintiff alleges: Nor were the calls made for the purpose of collecting an existing obligation, as defined by California Civil Code section 1770(a)(22)(B).

Defendant responds: Defendant denies that the call or calls was not made for the purpose of collecting an existing obligation.   The remaining portions of this paragraph merely contain Plaintiff's legal argument and conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations of this paragraph.

30.  Plaintiff alleges: Prior to receiving these calls from Defendants, Plaintiff had never had any contact with Defendants or had any relationship with them (established or otherwise).

1    Defendant responds:  Defendant lacks sufficient knowledge or information to
2    form a belief as to the truth of the allegations of this paragraph and, accordingly, denies
3    such allegations.

4        31.    Plaintiff alleges:  Plaintiff has never purchased any services or goods from
5    Defendants, and has never been a business associate or customer of Defendants.

6        Defendant responds:  Defendant lacks sufficient knowledge or information to
7    form a belief as to the truth of the allegations of this paragraph and, accordingly, denies
8    such allegations.

9        32.    Plaintiff alleges:  Plaintiff has never requested that Defendants call her.
10       Defendant responds:  Defendant denies this paragraph.

11       33.    Plaintiff alleges:  Plaintiff did not provide prior express consent or any
12   other type of consent to Defendants to receive calls at her cellular telephone number,
13   pursuant to 47 U.S.C. 227(b)(1)(A) and California Civil Code section 1770(a)(22)(A).

14       Defendant responds:  Defendant denies this paragraph.

15       34.    Plaintiff alleges:  In fact, Plaintiff on one occasion called Defendants and
16   requested that Defendants stop calling her. However, despite this request, the calls
17   continued unabated and at the same, if not, higher frequency than before.

18       Defendant responds:  Defendant denies this paragraph.

19       35.    Plaintiff alleges:  Consequently, Plaintiff contacted her cellular telephone
20   service provider to ask that the calls be blocked. Plaintiff's cellular telephone service
21   initially told Plaintiff that it would charge her for blocking the calls, but after Plaintiff
22   complained about the invasiveness of the calls, Plaintiff's cellular service agreed to
23   block them at no charge to Plaintiff for a limited period of 90 days, after which
24   Plaintiff's cellular service would begin charging a recurring fee to block the calls.

25       Defendant responds:  Defendant lacks sufficient knowledge or information to
26   form a belief as to the truth of the allegations of this paragraph and, accordingly, denies
27   such allegations.

28

1     36.   Plaintiff alleges: Yet, even before the 90-day period had elapsed,

2 Defendants, in an apparent effort to nullify Plaintiff's efforts to block the calls, altered

3 their tactic and began placing calls to Plaintiff using a different originating number than

4 the one Plaintiff had requested be blocked.

5     Defendant responds: Defendant denies this paragraph.

6     37.   Plaintiff alleges: During this 90-day period, Defendants made unwanted

7 calls to Plaintiff from the new originating number, including a call on or about February

8 4, 2013. The calls consisted of the same prerecorded message as before.

9     Defendant responds: Defendant denies this paragraph.

10     38.   Plaintiff alleges: Defendants' calls to Plaintiff violate 47 U.S.C. §

11 227(b)(1) and Cal. Civ. Code § 1770(a)(22).

12     Defendant responds: This paragraph merely contains Plaintiff's legal argument

13 and conclusions to which no response is required. To the extent that a response is

14 required, Defendant denies the allegations of this paragraph.

15                 **CLASS ACTION ALLEGATIONS**

16     39.   Plaintiff alleges: Plaintiff brings this action on behalf of herself and on

17 behalf of all others similarly situated ("the Class").

18     Defendant responds: This paragraph merely contains Plaintiff's legal argument

19 and conclusions to which no response is required. To the extent that a response is

20 required, Defendant denies the allegations of this paragraph.

21     40.   Plaintiff alleges: The Class and Sub-Class are defined as follows:

22

23         Class:                All persons within the United States who

24                             received any telephone call from Defendants

25                             and/or their agents to said person's cellular

26                             telephone made through the use of any automatic

27                             dialing system or with an artificial or prerecorded

28 LADS01 130739v2

ANSWER TO COMPLAINT    Case No. 14CV0322 DMS BLM

voice, from January 31, 2013 until class certification.

California Sub-Class:     All Members of the Class who reside in the state of California (the "California Sub-Class").

Defendant responds: This paragraph merely contains Plaintiff's legal argument and conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations of this paragraph.

41.    Plaintiff alleges: Defendants and their employees or agents are excluded from the Class.

Defendant responds: This paragraph merely contains Plaintiff's legal argument and conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations of this paragraph.

42.    Plaintiff alleges: The Class Members are identifiable by Defendants' and/or their agents' phone records and phone number databases.

Defendant responds: This paragraph merely contains Plaintiff's legal argument and conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations of this paragraph.

43.    Plaintiff alleges: Plaintiff does not know the exact number of members in the Class, but believes the Class Members number in the thousands, if not more. Therefore, this matter should be certified as a class action to assist in the expeditious litigation of this matter.

Defendant responds: This paragraph merely contains Plaintiff's legal argument and conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations of this paragraph.

1    44.    Plaintiff alleges:  Plaintiff and the other Class Members were harmed by
2    the acts of Defendants. Defendants, either directly or through their agents, illegally
3    contacted Plaintiff and the other Class Members at their cellular telephone numbers,
4    causing Plaintiff and the other Class Members to incur certain cellular telephone charges
5    or use up cellular telephone time for which Plaintiff and the other Class Members
6    previously paid; requiring Plaintiff and the other Class Members to retrieve or
7    administer messages left by Defendants during those illegal calls; and invading the
8    privacy of Plaintiff and the other Class Members. Plaintiff and the other Class Members
9    were damaged thereby.

10    Defendant responds:  This paragraph merely contains Plaintiff's legal argument
11    and conclusions to which no response is required.  To the extent that a response is
12    required, Defendant denies the allegations of this paragraph.

13    45.    Plaintiff alleges:  This suit seeks only damages and injunctive relief for
14    recovery of economic injury on behalf of the Class and it expressly is not intended to
15    request any recovery for personal injury and claims related thereto. Plaintiff reserves the
16    right to expand or otherwise revise the Class definition to seek recovery on behalf of
17    additional persons as warranted, as facts are learned in further investigation and
18    discovery.

19    Defendant responds:  This paragraph merely contains Plaintiff's legal argument
20    and conclusions to which no response is required.  To the extent that a response is
21    required, Defendant denies the allegations of this paragraph.

22    46.    Plaintiff alleges:  The joinder of the Class Members is impractical and the
23    disposition of their claims in the Class action will provide substantial benefits both to
24    the parties and to the court. The Class can be identified through Defendants' records or
25    Defendants' agents' records.

26    Defendant responds:  This paragraph merely contains Plaintiff's legal argument
27    and conclusions to which no response is required.  To the extent that a response is

28    LADS01 130739v2

13

1  required, Defendant denies the allegations of this paragraph.

2     47.  _Plaintiff alleges:_  There is a well-defined community of interest in the

3  questions of law and fact involved affecting the parties to be represented. The questions

4  of law and fact to the Class predominate over questions which may affect individual

5  Class Members, including the following:

6          a.  Whether, during the relevant time periods, Defendants made any call

7              (other than a call made for emergency purposes or made with the prior

8              express consent of the called party) using any ATDS or an artificial or

9              prerecorded voice to any telephone number assigned to a cellular

10             telephone service;

11         b.  Whether, during the relevant time periods, Defendants disseminated

12             unsolicited prerecorded messages by telephone without an unrecorded,

13             natural voice first informing the person answering the telephone of the

14             name of the caller or the organization being represented, and either the

15             address or the telephone number of the caller, and without obtaining the

16             consent of that person to listen to the prerecorded message;

17         c.  Whether Plaintiff and the Class Members were damaged thereby, and

18             the extent of damages for such violations; and

19         d.  Whether Defendants and their agents should be enjoined from engaging

20             in such conduct in the future.

21     _Defendant responds:_  This paragraph merely contains Plaintiff's legal argument

22  and conclusions to which no response is required.  To the extent that a response is

23  required, Defendant denies the allegations of this paragraph.

24     48.  _Plaintiff alleges:_  Because Defendants called Plaintiff's cellular telephone

25  number multiple times using an ATDS or an artificial or prerecorded voice without her

26  express prior consent, Plaintiff is asserting claims that are typical of the Class. Plaintiff

27  will fairly and adequately represent and protect the interests of the Class and Sub-Class

28  LADS01 130739v2

1 | in that Plaintiff has no interests antagonistic to any member of the Class or Sub-Class.

2 | **Defendant responds:** This paragraph merely contains Plaintiff's legal argument

3 | and conclusions to which no response is required. To the extent that a response is

4 | required, Defendant denies the allegations of this paragraph.

5 | 49. <u>Plaintiff alleges:</u> Plaintiff and the other Class Members have all suffered

6 | irreparable harm as a result of the Defendants' unlawful and wrongful conduct. Absent a

7 | class action, the Class will continue to face the potential for irreparable harm. In

8 | addition, these violations of law will be allowed to proceed without remedy and

9 | Defendants will likely continue such illegal conduct. Because of the size of the

10 | individual Class Member's claims, few, if any, Class Members could afford to

11 | individually seek legal redress for the wrongs complained of herein.

12 | **Defendant responds:** This paragraph merely contains Plaintiff's legal argument

13 | and conclusions to which no response is required. To the extent that a response is

14 | required, Defendant denies the allegations of this paragraph.

15 | 50. <u>Plaintiff alleges:</u> Plaintiff has retained counsel experienced in handling

16 | class action claims

17 | **Defendant responds:** This paragraph merely contains Plaintiff's legal argument

18 | and conclusions to which no response is required. To the extent that a response is

19 | required, Defendant denies the allegations of this paragraph.

20 | 51. <u>Plaintiff alleges:</u> A class action is a superior method for the fair and

21 | efficient adjudication of this controversy. Class-wide damages are essential to induce

22 | Defendants to comply with federal law. The interest of Class Members in individually

23 | controlling the prosecution of separate claims against Defendants is small because the

24 | maximum statutory damages in an individual action for violation of privacy are

25 | minimal. Management of these claims is likely to present significantly fewer difficulties

26 | than those presented in many class claims.

27 | **Defendant responds:** This paragraph merely contains Plaintiff's legal argument

28 | LADS01 130739v2

1 and conclusions to which no response is required. To the extent that a response is

2 required, Defendant denies the allegations of this paragraph.

3     52.   Plaintiff alleges: Defendants have acted on grounds generally applicable to

4 the Class, thereby making appropriate final injunctive relief and corresponding

5 declaratory relief with respect to the Class as a whole.

6     Defendant responds: This paragraph merely contains Plaintiff's legal argument

7 and conclusions to which no response is required. To the extent that a response is

8 required, Defendant denies the allegations of this paragraph.

9 **FIRST CAUSE OF ACTION**

10     53.   Plaintiff alleges: Plaintiff incorporates by reference all of the above

11 paragraphs of this Complaint as though fully stated herein.

12     Defendant responds: Defendant incorporates by reference its responses to all of

13 the above paragraphs of this Complaint as though fully stated herein.

14     54.   Plaintiff alleges: Plaintiff brings this cause of action against Defendants on

15 behalf of herself and on behalf of the Class.

16     Defendant responds: This paragraph merely contains Plaintiff's legal argument

17 and conclusions to which no response is required. To the extent that a response is

18 required, Defendant denies the allegations of this paragraph.

19     55.   Plaintiff alleges: Defendants, either directly or through their agents, using

20 an ADTS or an artificial or prerecorded voice, made calls to Plaintiff and the other Class

21 Members at telephone numbers assigned to a paging service, cellular telephone service,

22 specialized mobile radio service, or other radio common carrier service, or any service

23 for which the called party is charged or pays a monthly payment for the call. Defendants

24 did not make the calls for emergency purposes and did not make the calls with the prior

25 express consent of the called party.

26     Defendant responds: This paragraph merely contains Plaintiff's legal argument

27 and conclusions to which no response is required. To the extent that a response is

28

1  required, Defendant denies the allegations of this paragraph.

2       56.    Plaintiff alleges:  The foregoing acts and omissions of Defendants and their

3  agents constitute numerous and multiple negligent violations of the TCPA, including but

4  not limited to each and every one of the above-cited provisions of 47 U.S.C. §§ 227 et

5  seq.

6       Defendant responds:  This paragraph merely contains Plaintiff's legal argument

7  and conclusions to which no response is required.  To the extent that a response is

8  required, Defendant denies the allegations of this paragraph.

9       57.    Plaintiff alleges:  As a result of Defendants' and Defendants' agents'

10  negligent violations of 47 U.S.C. §§ 227 et seq., Plaintiff and the Class are entitled to an

11  award of $500.00 in statutory damages, for each and every violation, pursuant to 47

12  U.S.C. § 227(b)(3)(B).  Plaintiff and the Class are also entitled to, and seek, injunctive

13  relief prohibiting such conduct in the future.

14       Defendant responds:  This paragraph merely contains Plaintiff's legal argument

15  and conclusions to which no response is required.  To the extent that a response is

16  required, Defendant denies the allegations of this paragraph.

17                        **SECOND CAUSE OF ACTION**

18       58.    Plaintiff alleges:  Plaintiff incorporates by reference all of the above

19  paragraphs of this Complaint as though fully stated herein.

20       Defendant responds:  Defendant incorporates by reference its responses to all of

21  the above paragraphs of this Complaint as though fully stated herein.

22       59.    Plaintiff alleges:  Plaintiff brings this cause of action against Defendants on

23  behalf of herself and on behalf of the Class.

24       Defendant responds:  This paragraph merely contains Plaintiff's legal argument

25  and conclusions to which no response is required.  To the extent that a response is

26  required, Defendant denies the allegations of this paragraph.

27       60.    Plaintiff alleges:  Defendants, either directly or through their agents, using

28  LADS01 130739v2

an ADTS or an artificial or prerecorded voice, made calls to Plaintiff and the other Class Members at telephone numbers assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call. Defendants did not make the calls for emergency purposes and did not make the calls with the prior express consent of the called party.

Defendant responds: This paragraph merely contains Plaintiff's legal argument and conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations of this paragraph.

61. Plaintiff alleges: The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. §§ 227 et seq.

Defendant responds: This paragraph merely contains Plaintiff's legal argument and conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations of this paragraph.

62. Plaintiff alleges: As a result of Defendants' knowing and/or willful violations of 47 U.S.C. §§ 227 et seq., Plaintiff and the Class are entitled to treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

Defendant responds: This paragraph merely contains Plaintiff's legal argument and conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations of this paragraph.

63. Plaintiff alleges: Plaintiff and the Class are also entitled to, and seek, injunctive relief prohibiting such conduct in the future.

Defendant responds: This paragraph merely contains Plaintiff's legal argument and conclusions to which no response is required. To the extent that a response is

1 | required, Defendant denies the allegations of this paragraph.

2

3 | **THIRD CAUSE OF ACTION**

4 | 64.  Plaintiff alleges:  Plaintiff incorporates by reference all of the above

5 | paragraphs of this Complaint as though fully stated therein.

6 | Defendant responds:  Defendant incorporates by reference its responses to all of

7 | the above paragraphs of this Complaint as though fully stated herein.

8 | 65.  Plaintiff alleges:  Plaintiff brings this cause of action against Defendants on

9 | behalf of herself and on behalf of the Class or, in the alternative, the California Sub-

10 | Class.

11 | Defendant responds:  This paragraph merely contains Plaintiff's legal argument

12 | and conclusions to which no response is required.  To the extent that a response is

13 | required, Defendant denies the allegations of this paragraph.

14 | 66.  Plaintiff alleges:  Defendants are "persons" as defined by California Civil

15 | Code section 1761(c).

16 | Defendant responds:  This paragraph merely contains Plaintiff's legal argument

17 | and conclusions to which no response is required.  To the extent that a response is

18 | required, Defendant denies the allegations of this paragraph.

19 | 67.  Plaintiff alleges:  Plaintiff and the other Class Members are "consumers"

20 | within the meaning of California Civil Code § 1761(d).

21 | Defendant responds:  This paragraph merely contains Plaintiff's legal argument

22 | and conclusions to which no response is required.  To the extent that a response is

23 | required, Defendant denies the allegations of this paragraph.

24 | 68.  Plaintiff alleges:  The CLRA makes unlawful certain enumerated "unfair

25 | methods of competition and unfair or deceptive acts or practices undertaken by any

26 | person in a transaction intended to result or which results in the lease of goods or

27 | services to any consumer[.]" Cal. Civ. Code § 1770(a).

28 | LADS01 130739v2

19

Defendant responds: This paragraph merely contains Plaintiff's legal argument and conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations of this paragraph.

69. Plaintiff alleges: Among those practices the CLRA expressly proscribes is "[d]isseminating an unsolicited prerecorded message by telephone without an unrecorded, natural voice first informing the person answering the telephone of the name of the caller or the organization being represented, and either the address or the telephone number of the caller, and without obtaining the consent of that person to listen to the prerecorded message." Cal. Civ. Code § 1770(a)(22)(A).

Defendant responds: This paragraph merely contains Plaintiff's legal argument and conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations of this paragraph.

70. Plaintiff alleges: Exempted from that proscription is "a message disseminated to a business associate, customer, or other person having an established relationship with the person or organization making the call, to a call for the purpose of collecting an existing obligation, or to any call generated at the request of the recipient." Cal. Civ. Code § 1170(a)(22)(B).

Defendant responds: This paragraph merely contains Plaintiff's legal argument and conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations of this paragraph.

71. Plaintiff alleges: Defendants disseminated unsolicited prerecorded messages to Plaintiff and the other Class Members by telephone without an unrecorded, natural voice first informing them of the name of the caller or the organization being represented, or the address or the telephone number of the caller, and without obtaining their consent to listen to the prerecorded message. Defendants made the calls using exclusively an artificial or prerecorded voice.

Defendant responds: This paragraph merely contains Plaintiff's legal argument

LADS01 130739v2

ANSWER TO COMPLAINT   Case No. 14CV0322 DMS BLM

1  and conclusions to which no response is required.  To the extent that a response is
2  required, Defendant denies the allegations of this paragraph.

3  72.  <u>Plaintiff alleges:</u>  Plaintiffs and the other Class Members were never
4  business associates or customers of Defendants, and never had an established business
5  relationship with Defendants.

6  <u>Defendant responds:</u>  This paragraph merely contains Plaintiff's legal argument
7  and conclusions to which no response is required.  To the extent that a response is
8  required, Defendant denies the allegations of this paragraph.

9  73.  <u>Plaintiff alleges:</u>  Defendants never obtained Plaintiff and the other Class
10  Members' consent to listen to the prerecorded messages.

11  <u>Defendant responds:</u>  This paragraph merely contains Plaintiff's legal argument
12  and conclusions to which no response is required.  To the extent that a response is
13  required, Defendant denies the allegations of this paragraph.

14  74.  <u>Plaintiff alleges:</u>  As a result of Defendants' misconduct, Plaintiff and the
15  other Class Members have been harmed and have suffered actual damages.

16  <u>Defendant responds:</u>  This paragraph merely contains Plaintiff's legal argument
17  and conclusions to which no response is required.  To the extent that a response is
18  required, Defendant denies the allegations of this paragraph.

19  75.  <u>Plaintiff alleges:</u>  As a direct and proximate result of Defendants' unfair or
20  deceptive acts or practices, Plaintiff and the other Class Members have suffered and will
21  continue to suffer actual damages.

22  <u>Defendant responds:</u>  This paragraph merely contains Plaintiff's legal argument
23  and conclusions to which no response is required.  To the extent that a response is
24  required, Defendant denies the allegations of this paragraph.

25  76.  <u>Plaintiff alleges:</u>  Plaintiff and the Class are entitled to equitable relief.
26  <u>Defendant responds:</u>  This paragraph merely contains Plaintiff's legal argument
27  and conclusions to which no response is required.  To the extent that a response is
28  LADS01 130739v2

21

1 | required, Defendant denies the allegations of this paragraph.

2 |     77.   <u>Plaintiff alleges:</u>  Plaintiff has provided Defendants within notice of their
3 | alleged violations of the CLRA pursuant to California Civil Code section 1782(a).  If,
4 | within 30 days of the date of the notification letter, Defendants fail to provide
5 | appropriate relief for their violations of the CLRA, Plaintiff will amend this Complaint
6 | to seek monetary, statutory, and punitive damages, in addition to the injunctive and
7 | equitable relief that she seeks now.

8 |     <u>Defendant responds:</u>  This paragraph merely contains Plaintiff's legal argument
9 | and conclusions to which no response is required.  To the extent that a response is
10 | required, Defendant denies the allegations of this paragraph.

11 | **FOURTH CAUSE OF ACTION**

12 |     78.   <u>Plaintiff alleges:</u>  Plaintiff incorporates by reference all of the above
13 | paragraphs of this Complaint as though fully stated herein.

14 |     <u>Defendant responds:</u>  Defendant incorporates by reference its responses to all of
15 | the above paragraphs of this Complaint as though fully stated herein.

16 |     79.   <u>Plaintiff alleges:</u>  Plaintiff brings this cause of action against Defendants on
17 | behalf of herself and on behalf of the Class or, in the alternative, the California Sub-
18 | Class.

19 |     <u>Defendant responds:</u>  This paragraph merely contains Plaintiff's legal argument
20 | and conclusions to which no response is required.  To the extent that a response is
21 | required, Defendant denies the allegations of this paragraph.

22 |     80.   <u>Plaintiff alleges:</u>  Defendants' practice of making telephone calls to
23 | Plaintiff and the other Class Members on their cellular telephones using an artificial or
24 | prerecorded voice and/or an ATDS without their prior express consent (within the
25 | meaning of the TCPA) violates 47 U.S.C. §§ 227 et seq.

26 |     <u>Defendant responds:</u>  This paragraph merely contains Plaintiff's legal argument
27 | and conclusions to which no response is required.  To the extent that a response is

28 | LADS01 130739v2

required, Defendant denies the allegations of this paragraph.

81.  Plaintiff alleges:  Defendants' dissemination of unsolicited prerecorded messages to Plaintiff and the other Class Members by telephone without an unrecorded, natural voice first informing them of the name of the caller or the organization being represented, or the address or the telephone number of the caller, and without obtaining their consent to listen to the prerecorded message, violates Cal. Civ. Code § 1770(a)(22).

Defendant responds:  This paragraph merely contains Plaintiff's legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendant denies the allegations of this paragraph.

82.  Plaintiff alleges:  Defendants' conduct described herein violates Cal. Bus & Prof. Code §§ 17200 et seq. (the "UCL") in the following respects:

     a.  Defendants' use of automated and predictive dialing techniques to harass Plaintiff and the other Class Members is unlawful and a violation of the UCL;

     b.  Defendants' use of an automated or prerecorded voice to harass Plaintiff and the other Class Members is unlawful and a violation of the UCL;

     c.  Defendants' failure to use an unrecorded, natural voice to inform Plaintiff and the other Class Members of the name of the caller or the organization being represented, or the address or the telephone number of the caller, and failure to obtain their consent to listen to the prerecorded messages, is unlawful and a violation of the UCL;

     d.  Each of Defendants' violations of the TCPA constitutes a separate and independent violation of the UCL because such conduct is illegal and unfair competition within the meaning of the UCL; and

     e.  Each of Defendants' violations of the CLRA constitutes a separate and independent violation of the UCL because such conduct is illegal and

unfair competition within the meaning of the UCL.

Defendant responds: This paragraph merely contains Plaintiff's legal argument and conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations of this paragraph.

83. Plaintiff alleges: The harm to Plaintiff and the Class arising from Defendants' illegal practices outweighs the utility, if any, of those practices.

Defendant responds: This paragraph merely contains Plaintiff's legal argument and conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations of this paragraph.

84. Plaintiff alleges: The illegal business practices of Defendants are immoral, unethical, oppressive, unscrupulous, and/or substantially injurious to Plaintiff and the other Class Members.

Defendant responds: This paragraph merely contains Plaintiff's legal argument and conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations of this paragraph.

85. Plaintiff alleges: Unless restrained by this Court, Defendants will continue to engage in the illegal acts and practices alleged above.

Defendant responds: This paragraph merely contains Plaintiff's legal argument and conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations of this paragraph.

86. Plaintiff alleges: Pursuant to California Business & Professions Code section 17203, Plaintiffs and the Class are therefore entitled to:

     a. an Order requiring Defendants to cease the unlawful acts alleged herein; and

     b. payment of their attorneys' fees and costs pursuant to, inter alia, Cal. Code Civ. Proc. § 1021.5.

Defendant responds: This paragraph merely contains Plaintiff's legal argument

and conclusions to which no response is required.  To the extent that a response is required, Defendant denies the allegations of this paragraph.

## **PRAYER FOR RELIEF**

1.    Plaintiff alleges:  As a result of Defendants' and Defendants' agents' violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each Class Member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. 227(b)(3)(B).

Defendant responds:  Defendant denies that Plaintiff is entitled to the relief sought in this paragraph of the Prayer.

2.    Plaintiff alleges:  As a result of Defendants' and Defendants' agents' willful and /or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each Class Member treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

Defendant responds:  Defendant denies that Plaintiff is entitled to the relief sought in this paragraph of the Prayer.

3.    Plaintiff alleges:  Pursuant to 47 U.S.C. § 227(b)(3)(A) and the UCL, Plaintiff seeks for herself and class members injunctive relief prohibiting such conduct in the future.

Defendant responds:  Defendant denies that Plaintiff is entitled to the relief sought in this paragraph of the Prayer.

4.    Plaintiff alleges:  Plaintiff seeks for herself and each Class Member an award of compensatory, exemplary, and statutory damages, as applicable, including interest, in an amount to be proven at trial, except that for now, Plaintiff seeks only equitable and injunctive relief with respect to her claims under California's Consumers Legal Remedies Act, California Civil Code section 1770(a)(22).

Defendant responds:  Defendant denies that Plaintiff is entitled to the relief sought in this paragraph of the Prayer.

LADS01 130739v2

25

5.     Plaintiff alleges:  Plaintiff seeks for herself and each Class Member an award of reasonable attorneys' fees and costs to Plaintiff's counsel, including attorney fees pursuant to California Code of Civil Procedure 1021.

Defendant responds:  Defendant denies that Plaintiff is entitled to the relief sought in this paragraph of the Prayer.

6.     Plaintiff alleges:  Plaintiff seeks for herself and each Class Member any other relief the Court may deem just and proper or any other remedy available for Defendants' violations alleged herein.

Defendant responds:  Defendant denies that Plaintiff is entitled to the relief sought in this paragraph of the Prayer.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof where it otherwise lies with Plaintiff, Defendant asserts the following further and affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

(Lack of Standing)

The Complaint, and/or each purported claim contained therein, is barred in whole or in part because Plaintiff and/or other putative class members lack standing to assert the claims or the injuries alleged.

### THIRD AFFIRMATIVE DEFENSE

(Consent)

At all times relevant, Plaintiff and the purported class consented to being contacted by Defendant in the manner alleged.

### FOURTH AFFIRMATIVE DEFENSE

LADS01 130739v2

(Waiver)

Plaintiff and the purported class by their actions and/or omissions have waived any claims they may have against Defendant.

## FIFTH AFFIRMATIVE DEFENSE

(Debt Collection)

Defendant's alleged calls were made for the purpose of debt collection and are therefore exempt from liability under the relevant statutes.

## SIXTH AFFIRMATIVE DEFENSE

(Informational Calls)

Defendant's alleged calls were strictly informational in nature and are therefore exempt from liability under the relevant statutes.

## SEVENTH AFFIRMATIVE DEFENSE

(Class Action Not Appropriate)

The claims alleged in the Complaint cannot be brought as a class action because there are not sufficiently common issues of law or fact, the class is not ascertainable, the named plaintiff is not an adequate, typical, suitable, or appropriate representative, and a class action is not a superior means of resolving this case, and is not manageable.

## EIGHTH AFFIRMATIVE DEFENSE

(Attorney Fees Improper)

The Complaint fails to state a claim for attorney fees or set forth facts sufficient to support such a claim.

## NINTH AFFIRMATIVE DEFENSE

(Preemption)

The claims alleged in the Complaint are preempted by federal or other law.

## TENTH AFFIRMATIVE DEFENSE

(Choice Of Law)

This action is barred in its entirety by choice of law principles because California

law cannot apply, the conduct alleged in the complaint took place in Indiana, and Plaintiff has not stated a valid claim under Indiana law.

## ELEVENTH AFFIRMATIVE DEFENSE

(Dormant Commerce Clause)

This action is barred in its entirety by the Dormant Commerce Clause of the United States Constitution because it seeks to apply California law to conduct occurring wholly outside of California.

## TWELFTH AFFIRMATIVE DEFENSE

(Excessive Fines)

The imposition of statutory damages against Defendant on a class basis would violate the prohibition against excessive fines of the United States Constitution.

## THIRTEENTH AFFIRMATIVE DEFENSE

(Procedural and Substantive Due Process Rights)

The imposition of statutory damages against Defendant on a class basis would violate the due process provisions of the United States Constitution and/or the California State Constitution.

## FOURTEENTH AFFIRMATIVE DEFENSE

(Unconstitutional Vagueness)

The statutes upon which Plaintiff brings her claims against Defendant are vague and indefinite so as to give no fair warning of the conduct that may give rise to penalties under the statutes. As such, the imposition of any such penalties in this case would violate due process laws.

## FIFTEENTH AFFIRMATIVE DEFENSE

(Unclean Hands)

The Complaint, and/or each purported claim contained therein, is barred, in whole or in part, by the doctrine of unclean hands.

## RESERVATION OF RIGHTS

LADS01 130739v2

ANSWER TO COMPLAINT   Case No. 14CV0322 DMS BLM

Plaintiff and the purported class have not set out their claims with sufficient particularity to permit Defendant to raise all appropriate affirmative defenses. Defendant has not knowingly or intentionally waived any applicable affirmative defenses, and Defendant reserves the right to assert and to rely upon additional affirmative defenses not stated here, including such other defenses as may become available or apparent during discovery of this action, and reserves the right to amend this Answer to assert any such defenses.

WHEREFORE, Defendant prays for judgment in its favor and request that the Court:

1. Dismiss the Complaint with prejudice;

2. Award Defendant costs of suit; and

3. Grant Defendant such other relief as may be appropriate.

## DEMAND FOR JURY TRIAL

Defendant hereby demands a trial by jury as to all issues so triable.

Dated: April 18, 2014        **BARNES & THORNBURG LLP**

By_____s/ Devin Stone_____
                    Attorneys for Defendant
                    ADT, LLC
                    E-Mail: devin.stone@btlaw.com

LADS01 130739v2

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: 2029 Century Park East, Suite 300, Los Angeles, California 90067.

On April 18, 2014, I served the foregoing document(s) described as: **DEFENDANT ADT, LLC'S ANSWER TO COMPLAINT OF JANET BOSTANI** on interested party(ies) below, using the following means:

☒ BY CM/ECF I caused the documents to be electronically filed with the Clerk of the Court through CM/ECF System, and that CM/ECF System will send a notice of electronic filing to the parties noted on the attached Electronic Mail Notice List.

☒ (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made

Executed on April 18, 2014 at Los Angeles, California.

Michelle Penn
_____
*Print Name*

_____
*Signature*

LADS01 130739v2

PROOF OF SERVICE        Case No. 14CV0322 DMS BLM

# Mailing Information for a Case  3:14-cv-00322-DMS-BLM Bostani v. ADT, LLC et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Kevin Dale Rising**
  kevin.rising@btlaw.com,david.kirvan@btlaw.com

- **Payam Shahian**
  PShahian@SLPattorney.com

- **Alison E. Wilson**
  awilson@slpattorney.com,knakon@slpattorney.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)